IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,       )
                                )
v.                              )        Case No. 04-00302-01-CR-W-ODS
                                )
ANTONIO CLEMMONS,               )
                                )
                Defendant.       )

ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On June 10, 2005, the Honorable Sarah W. Hays, United States Magistrate
Judge for the Western District of Missouri, issued her Report and Recommendation
("the Report") recommending that the Court deny Defendant Antonio Clemmons' Motion
to Suppress Illegally Obtained Evidence (Doc. # 19).  Defendant filed timely objections
to the Report, which reiterated the same arguments he made to the Magistrate Judge.
After conducting a de novo review of the record, the Court overrules Defendant's
objections (Doc. # 63) and adopts the Report (Doc. # 53) as the Order of the Court.

## I.  BACKGROUND

Detective Donald Stanze of the Kansas City, Missouri Police Department was
involved in the investigation of Defendant.  On October 20, 2002, a shooting was
reported.  The victim later identified Defendant as the assailant and stated that
Defendant shot him and stole his Mac 11 handgun.  Detective Stanze also received
information from a confidential source that two individuals, named Forty and Tip, were
robbing drug dealers of their drugs and guns.  Detective Stanze checked the alert
system and found that Defendant had the moniker "Forty."  The confidential informant
also told Detective Stanze that Defendant frequented an address later determined as
5723 East 40th Terrace, Kansas City, Missouri.  On two occasions in early November
2002, Detective Stanze conducted surveillance on the address and observed an
individual who he believed to be Defendant entering the residence.

On November 12, 2002, Detective Stanze observed Defendant and an unknown female leave the residence in a maroon Chrysler. A tactical squad stopped the vehicle and detained the occupants. Defendant was identified and placed under arrest. Detective Stanze responded back to the residence and contacted the responsible party for the residence, Myshonta Moore, who stated that Defendant spend the night at the residence two or three times per week. Moore was advised of the investigation and consented to a search the premises. Upon conducting an initial search, Detective Stanze observed a Mac-type handgun on a shelf in a closet. The residence was secured in anticipation of a search warrant. That same day, a search warrant was issued for the residence, which authorized law enforcement to search for weapons and/or firearms; a black hooded sweatshirt and blue jeans; and indicia of occupancy, residency, ownership, management and/or control of the premises. The firearm and some paperwork that had Defendant's name on it were recovered.

Defendant contends (1) that the search warrant issued in this case was overbroad and did not describe with particularity the items to be seized, and (2) the search warrant affidavit was insufficient to support a finding of probable cause.

## II. DISCUSSION

To satisfy the particularity requirements of a warrant, the description must be sufficiently definite to enable the searching officers to "reasonably ascertain and identify the. . . objects to be seized." United States v. Coppage, 635 F.2d 683, 686-87 (8th Cir. 1980) (citing Steele v. United States, 267 U.S. 498, 503-04)). Defendant's argument that the warrant's description of "indicia of occupancy, residency, etc." fails to meet the particularity requirements is without merit. When a precise identity of items cannot be ascertained at the time of the issuance of the search warrant, a generic description of a class of items is sufficient so long as it provides a guide to the exercise of informed discretion of the officers executing the warrant. See United States v. Wayne, 903 F.2d 1188, 1195 (8th Cir. 1990).

Whether probable cause exists depends upon the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). The affidavit submitted in support of the search warrant application states that the victim of the robbery on October 20, 2002, identified Defendant, whom he had known for a number of years, as the man who

2

robbed and shot him.  In addition, the affidavit states that Detective Stanze had been contacted by a confidential informant shortly after the incident that occurred on October 20, 2002, who claimed that "Forty" (who Detective Stanze later determined was Defendant) was one of the individuals responsible for robbing drug dealers and frequented a specific address.  The affidavit further states that upon conducting surveillance of the address given by the confidential informant, Detective Stanze observed Defendant entering and exiting the home.  The responsible party for the residence corroborated that Defendant stayed at the residence two or three times a week.  Given these circumstances, the facts provide sufficient probable cause for the issuance of the warrant.

Even if the warrant lacked probable cause, the search would be valid under the Leon good faith exception, which applies when the officer executing the search warrant was acting in "objectively reasonable reliance" on the warrant issued by a neutral judge. United States v. Leon, 468 U.S. 897, 905 (1984).  The exception will not apply if the affiant knowingly or recklessly misled the warrant-issuing judge or the judicial officer wholly abandoned his or her judicial role.  Leon, 468 U.S. at 923.  In this case, there is no evidence that Detective Reach either knowingly or recklessly mislead the state court judge.  Also, the judicial officer was confronted with facts indicating the victim of a shooting and robbery identified Defendant as his assailant. These facts appear to be clear on their face and presented no reasonable ground for the judicial officer to question them.  Thus, the search is valid under Leon, and there are no grounds to limit the Leon good faith exception.

### III.  CONCLUSION

For these reasons, the Court denies Defendant's Motion to Suppress, overrules Defendant's objections and adopts the Report as the Order of the Court.

IT IS SO ORDERED.

DATE: June 21, 2005                          /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, JUDGE
                                            UNITED STATES DISTRICT COURT