IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-00302-01-CR-W-HFS |
| ) | |
| ) | |
| ANTONIO CLEMMONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant has filed a motion in limine (Doc. 44) to exclude statements made to the police by Jamil Williams which implicate defendant in shooting Williams and, for present purposes, in possessing a firearm. Williams died from a subsequent shooting that occurred while defendant was in jail. Defendant contends that use of the statements is barred by Crawford v. Washington, 541 U.S. 36 (2004).

Crawford offers new and important protection for defendants seeking to bar the use of out-of-court statements, without the right of Confrontation. It deals only with "testimonial" statements, however, including unsworn statements made on interviews conducted by the police. See United States v. Bordeaux, 400 F. 3d 548, 555-7 (8th Cir. 2005). There is critical distinction between such statements and those offered in a less structured and formal environment, such as volunteered remarks made on police-operated 911 emergency call telephone systems. State v. Byrd, 828 N.W. 2d 133 (Ohio App. 2005). The Byrd case soundly reviews the law, reverses a conviction because it was supported by statements made during a police interview, but rules admissible the less formal statements made in a telephone call to report a crime.

There are cases in various state courts declining to expand the Crawford ruling beyond testimony and testimonial situations such as an informal, comprehensive interview conducted by the police. The "excited utterance" hearsay exception, allowing trial use of informal remarks is still very much in use, consistent with cases like United States v. Phelps, 168 F. 3d 1048, 1054-5 (8th Cir. 1999) and State v. Wilson, 719 S.W. 2d 28 (Mo. App. 1986). Crawford's overruling of Ohio v. Roberts, 448 U.S. 56 (1980), cited by Judge Gaitan in Wilson, has no effect on the hearsay exception, once the facts are outside the context of testimonial statements.

Turning to the facts in this case, defendant's brief indicates that the statements in question were made by the victim of a shooting after it was reported to the police but before the victim was taken to the hospital. This occurred on October 20, 2002, shortly after Officers Cory and Lester arrived to investigate the reported shooting. It was followed by a statement made to Detective Reach on October 29, 2002. The statement to Reach apparently would be inadmissible under Crawford, but hasty comments made on October 20 are not within the Crawford rationale.

In the alternative, defendant argues that the excited utterance exception to the hearsay rule (F.R. Evidence 803(2)) is inapplicable. This is the real issue before me.

Citations by the Government satisfy me that the sort of descriptive statements supplied by the victim of a shooting not long after the shooting may generally qualify for the hearsay exception. See Webb v. Lane, 922 F. 2d 390, 393-5 (7th Cir. 1991); United States v. Baptiste, 264 F.3d 578, 590-1 (5th Cir. 2001). According to pages from a deposition of Officer Lester, supplied by defense counsel (Doc. 84), the statements were made very shortly after the shooting, before paramedics arrived at the scene, and presumably to advance the investigation rather than designed to be used in testimony. Officer Lester simply said he needed to talk to the victim, and therefore interrupted

a cell phone call.[1] Williams then volunteered that "Antonio Clemmons had shot him." He verified the identification by saying that Clemmons "had attempted to rob him a month earlier in Independence."[2] The Clemmons name was noted, but was apparently discarded, which tends to support the view that neither participant was planning testimony.

Defense counsel seeks to exclude the testimony as not qualifying for excited utterance status because she would have Williams visiting on the cell phone and speaking "in a calm voice" (according to Officer Lester). That poses a problem, but does not avoid the exception, according to case-law. While sometimes excitement can be judged from body-language and expression, a state of shock may also be evidenced by an exceedingly calm demeanor. It would be unreasonable to conclude that someone recently suffering multiple gun-shot wounds and awaiting the arrival of paramedics is so nonchalant abut his condition that he is likely to calculate who he might unfairly blame for his injuries. Despite the victim's quiet manner I cannot imagine lack of excitement while awaiting medical personnel after multiple injuries from an armed attacker.

The dying victim in Baptiste was described as "very calm" (264 F.3d at 584), which may be natural for a gunshot victim who is not free of shock enough to be suffering. See also, e.g., United States v. Alexander, 331 F.3d 116, 121-4, (D.C. Cir. 2003).

---

[1] Given the timing it is supposed this was a tense discussion of some sort, not a leisurely chat.

[2] Whether this wording should be expurgated to avoid prejudice is not ruled at this time. The Government is entitled to some evidence that Williams was likely to make a correct identification of the shooter. Of course defense counsel might choose the tactic of favoring this language in order to show hostility that might result in false identification.

3

I conclude there is a factual basis for use of the excited utterance exception to the hearsay rule, and the motion to exclude the identification by Jamil Williams on the day of the shooting (Doc. 44) is therefore DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 28, 2005

Kansas City, Missouri

4